EDWARD M. WOLKOWITZ (State Bar No. 68298)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: emw@lnbyb.com, ctp@lnbyb.com

Attorneys for David A. Gill
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TOSHIA M. WILDASIN,<br><br>Debtor. | Case No. 2:08-bk-12675-VK<br><br>Chapter 7<br><br>**MOTION FOR ORDER:**<br>**(1) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN REAL PROPERTY TO DEBTOR; (2) APPROVING OVERBID PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**<br><br>[588 Nicaragua, Buenos Aires, Argentina]<br><br>[11 U.S.C. § 363(b), F.R.B.P. 6004]<br><br>Date: September 21, 2010<br>Time: 11:00 a.m.<br>Place: Courtroom 1675<br>      Roybal Federal Building<br>      255 E. Temple Street<br>      Los Angeles, California |

///
///
///

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

David A. Gill, the Chapter 7 trustee for the bankruptcy estate of Toshia M. Wildasin, respectfully moves this Court, pursuant to 11 U.S.C. § 363(b) and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Trustee to sell the estate's right, title, and interest in the real property located at 588 Nicaragua, Buenos Aires, Argentina (the "Property") to the Debtor for the sum of $50,000 (the "Purchase Price").

The Trustee also moves the Court for an order authorizing the following overbid procedures: (1) any person interested in submitting an overbid on the Property must attend the hearing on the Motion or be represented by an individual with authority to participate in the overbid process; (2) an overbid will be defined as an initial overbid of $1,000 above the Purchase Price, with each additional bid in $1,000 increments; (3) overbidders must deliver a deposit to the Trustee's counsel by way of cashier's check made payable to "David A. Gill, Chapter 7 Trustee," in the amount of $5,100 (i.e., 10% of the initial overbid amount) (the "Deposit") at the hearing on the Motion; (4) overbidders must purchase the Property on the same terms and conditions as the Debtor; (5) the Deposit of the successful overbidder shall be forfeited if such party is thereafter unable to complete the purchase of the Property within 11 days of entry of the order confirming the sale; and (6) in the event the successful overbidder cannot timely complete the purchase of the Property, the Trustee shall be authorized to proceed with the sale to the next highest overbidder.

In support of this Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declaration of David A. Gill attached hereto, the other pleadings and orders already on file in this case, and on such other argument and evidence as may be presented by counsel at the time of the hearing.

///

Accordingly, the Trustee respectfully requests that this Court enter an order:

1.   Approving the above sale of the Property to the Debtor or the successful overbidder;

2.   Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

3.   Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

4.   Approving the overbid procedure described herein; and

5.   Granting such other and further relief as is just and appropriate.

DATED: August 25 2010

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _____
EDWARD M. WOLKOWITZ
CARMELA T. PAGAY
Attorneys for David A. Gill
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

An asset of the bankruptcy estate is the Debtor's interest in the Property. Prior to expending significant fees and expenses in marketing and selling the Property, which is located in Argentina, the Trustee provided the Debtor with an opportunity to purchase the estate's right, title, and interest in the Property. The proposed agreement between the Trustee and the Debtor contemplates the purchase of the estate's right, title, and interest in the Property for $50,000.

## II.

## STATEMENT OF FACTS

On March 3, 2008, the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. On April 14, 2010, an order converting this case to Chapter 7 was entered. David A. Gill was thereafter appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate.

Among the assets of the estate is the Property. The Property is located in a mixed-used area of Buenos Aires. The Property is approximately 1,937 square feet and consists of 6 offices, 2 bathrooms, a lobby, and a terrace, and presently has a damaged ceiling and requires other urgent repair. The Trustee is informed that the total cost of repair is estimated to be approximately $70,000. The Trustee is also informed that approximately $16,000 of taxes will be due upon sale. Given the present condition of the Property, the taxes due upon sale, and the complexity of selling real property in another country, the Trustee provided the Debtor with an opportunity to purchase the estate's right, title, and interest in the Property prior to having to incur possibly significant administrative fees and expenses. The proposed

agreement between the Trustee and the Debtor contemplates the Debtor's purchase of the estate's right, title, and interest in the Property for $50,000.

### III.

### PROPOSED OVERBID PROCEDURES

While the Trustee is prepared to consummate the sale with the Debtor, he is also interested in obtaining the maximum price for the Property. Therefore, the Trustee seeks approval of the following overbid procedures: (1) any person interested in submitting an overbid on the Property must attend the hearing on the Motion or be represented by an individual with authority to participate in the overbid process; (2) an overbid will be defined as an initial overbid of $1,000 above the Purchase Price, with each additional bid in $1,000 increments; (3) overbidders must deliver a deposit to the Trustee's counsel by way of cashier's check made payable to "David A. Gill, Chapter 7 Trustee," in the amount of $5,100 (i.e., 10% of the initial overbid amount) (the "Deposit") at the hearing on the Motion; (4) overbidders must purchase the Property on the same terms and conditions as the Debtor; (5) the Deposit of the successful overbidder shall be forfeited if such party is thereafter unable to complete the purchase of the Property within 11 days of entry of the order confirming the sale; and (6) in the event the successful overbidder cannot timely complete the purchase of the Property, the Trustee shall be authorized to proceed with the sale to the next highest overbidder.

The Trustee believes that the proposed overbid procedure, notice of which has been given to all creditors and interested parties, will maximize the price ultimately obtained for the Property as well as protect the estate from parties who may wish to participate in the overbid procedure, but who are ultimately unable to consummate the sale transaction.

1  Accordingly, the Trustee requests that the Court authorize the overbid procedure
2  discussed above.

## II.

## ARGUMENT

### A. The Bankruptcy Code Provides For The Trustee's Sale Of Assets Of The Estate

Section 363(b)(1) of the Bankruptcy Code provides that:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1). The sale proposed by the Trustee is within the scope of the Trustee's powers as provided in section 363(b)(1) of the Bankruptcy Code.

### B. The Proposed Sale Is In The Best Interest Of The Estate

The standard of review used in determining approval of a proposed sale of property is whether sound business reasons support the sale outside the ordinary course of business. In re Walter, 83 B.R. 14, 19 (9th Cir. BAP 1988); In re Lionel Corp., 722 F.2d 1063, 1066 (2d Cir. 1983). In order for a sale to be approved under section 363 of the Bankruptcy Code, the purchase price must be fair and reasonable. In re Coastal Indus., Inc., 63 B.R. 361 (Bankr. N.D. Ohio 1986). The Trustee's application of sound business judgment in the use, sale or lease of such property is subject to great judicial deference. In re Moore, 110 B.R. 924, 928 (Bankr. C.D. Cal. 1990).

In the present case, the Trustee believes that the sale of the Property under the terms and conditions set forth above is supported by sound business reasons and is in the best interest of the estate. The Debtor has agreed to purchase the estate's right, title, and interest in the Property for $50,000. The Trustee has determined that no legitimate purpose would be

5

served by selling the Property as a foreigner given the Property's current condition and the taxes that would be due upon sale, assuming the Property sells at all. Such sale would only subject the estate to the uncertainty of the real estate market in Argentina and potentially significant administrative fees and expenses. In contrast, the infusion of funds into this estate from the proposed sale comes at a time when the Chapter 7 administrative expenses are still minimal. Thus, the proposed sale represents a sound exercise of the Trustee's business judgment.

### III.

### CONCLUSION

In light of the foregoing, the Trustee respectfully requests that the Court enter an order as follows:

1. Approving the above sale of the Property to the Debtor or the successful overbidder;

2. Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

3. Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper, and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

///
///
///
///
///

4. Approving the overbid procedure described herein; and

5. Granting such other and further relief as is just and appropriate.

DATED: August 25, 2010

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Carmela T. Pagay
EDWARD M. WOLKOWITZ
CARMELA T. PAGAY
Attorneys for David A. Gill
Chapter 7 Trustee

## DECLARATION OF DAVID A. GILL

I, David A. Gill, declare as follows:

1. I am the duly-appointed, qualified, and acting Chapter 7 trustee for the bankruptcy estate of Toshia M. Wildasin. I make this declaration in support of the attached Motion for Order: (1) Authorizing Sale of Estate's Right, Title, and Interest in Real Property to Debtor; and (2) Approving Overbid Procedure. Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto.

2. I propose to sell the estate's interest in the Property to the Debtor for $50,000.

3. I believe that the overbid procedure proposed in the Motion, notice of which has been given to all creditors and interested parties, will maximize the price ultimately obtained for the Property as well as protect the estate from parties who may wish to participate in the overbid procedure, but who are ultimately unable to consummate the sale transaction.

4. In the exercise of my business judgment, I believe the proposed sale of the Property is in the best interest of the estate.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on August 25, 2010, at Los Angeles, California.

_____
DAVID A. GILL

8

| In re: Toshia M. Wildasin, | | CHAPTER 7 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 2:08-bk-12675-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700 Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **MOTION FOR ORDER: (1) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN REAL PROPERTY TO DEBTOR; (2) APPROVING OVERBID PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 26, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Craig H Averch    caverch@whitecase.com
- Richard J Bauer    rbauer@mileslegal.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, michael.berger@bankruptcypower.com;cristina.frankian@bankruptcypower.com
- Mark Domeyer    mdomeyer@mileslegal.com
- David A Gill (TR)    mlr@dgdk.com, dgill@ecf.epiqsystems.com
- Dare Law    dare.law@usdoj.gov
- Matthew A Lesnick    matt@lesnicklaw.com
- Mitchell B Ludwig    mbl@kpclegal.com
- Alison J Maloof    ecfcacbrs@piteduncan.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- Dennis E Mcgoldrick    dmcgoldricklaw@yahoo.com
- Gabriel Ozel    ecfcacb@piteduncan.com
- Carmela Pagay    ctp@lnbrb.com
- Brian A Paino    ecfcacb@piteduncan.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Gilbert B Weisman    notices@becket-lee.com
- Jennifer C Wong    bknotice@mccarthyholthus.com

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: Toshia M. Wildasin, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-bk-12675-VK |

**II. SERVED BY U.S. MAIL** (indicate method for each person or entity served):
On August 26, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria S. Kaufman
U.S. Bankruptcy Court
255 E. Temple Street, #1682
Los Angeles, CA 90012

Debtor
Toshia M Wildasin
9663 Santa Monica Blvd #232
Beverly Hills, CA 90210

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 26, 2010 | Katie Finn | *Katie Finn* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1